# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,                     Case No. 2:14-cv-10266-SJM-LJM
                                             Hon. Stephen J. Murphy III

v.                                    Mag. Judge Laurie J. Michelson

UNIVERSAL HEALTH GROUP, INC.
A/K/A MICHIGAN SPINE AND REHAB,
UHG MANAGEMENT, LLC,
PROFESSIONAL HEALTH SYSTEMS,
LLC A/K/A PROFESSIONAL MEDICAL
BILLING, LLC, SCOTT P. ZACK, D.C.,
DAVID M. KATZ, D.C.,
LOREN C. CHUDLER, D.O.,
JOSEPH F. DESANTO, HORIZON
IMAGING, LLC, CLEAR IMAGING, LLC,
JEFF S. PIERCE, D.O.,
THOMAS D. CARUSO, D.O., and
KATHERINE H. KARO, D.O.,

        Defendants.

_____

**DEFENDANTS HORIZON IMAGING, LLC'S AND
CLEAR IMAGING, LLC'S CONCURRENCE AND JOINDER IN
DEFENDANTS KATZ'S AND ZACK'S MOTION TO DISMISS
[DOCKET NO. 45], AND SUPPLEMENTATION THERETO**

_____

# INDEX OF AUTHORITIES

## Cases

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544; 127 S.Ct. 1955, 1964; 167 L.Ed.2d 929 (2007) ....................... 3

*Coffey v. Foamex L.P.*,
2 F.3d 157 (6th Cir. 1993) ................................................................................ 3

*Frank v. Dana Corp.*,
547 F.3d 564 (6th Cir. 2008) ........................................................................... 3

*Heinrich v. Waiting Angels Adoption Servs., Inc.*,
668 F.3d 393 (6th Cir. 2012) ........................................................................... 3

*Jackson v. Segwick Claims Mgt. Servs., Inc.*,
699 F.3d 466 (6th Cir. 2012) ........................................................................... 3

*Minger v. Green*,
239 F.3d 793 (6th Cir. 2001) ........................................................................... 4

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.* (*Bledsoe I*),
342 F.3d 634 (6th Cir. 2003) ........................................................................... 3

## Rules

Fed. R. Civ. P. 9(b) ................................................................................... 3, 4

i

Defendants, HORIZON IMAGING, LLC and CLEAR IMAGING, LLC ("Horizon" and "Clear"), by and through their attorneys, Stark Reagan, PC, concur, adopt, and incorporate herein by reference as if fully set forth all of the issues, arguments, cited opinions, legal analysis, and conclusions set forth in Defendants David Katz's and Scott Zack's Motion to Dismiss [Docket No. 45]. The issues and law set forth in that Motion to Dismiss [Docket No. 45] are common to the issues pertaining to Horizon and Clear, and in the interest of judicial economy there is no need to separately repeat them *in toto* here.

Simply to highlight some matters unique to Horizon and Clear, the following is offered to supplement Defendants Katz's and Zack's Motion to Dismiss [Docket No. 45]:

Defendants Horizon and Clear are business entities that perform magnetic resonance imaging (MRI) at facilities in Oakland County, Michigan. State Farm generically lumps Horizon and Clear together with all of the other Defendants in the Complaint so that State Farm can paint its disparaging accusations with a broad brush across all Defendants, regardless of whether or not the Complaint's facts make any sense. For example, Clear and Horizon were incorporated in September 2009 and August 2009, respectively, which means these companies *did not even*

1

*exist* for some of the years that State Farm says they were actively participating in an "enterprise" to commit fraud.

State Farm wants to give this Court the impression that Horizon and Clear are instrumentalities of fraud, when Horizon and Clear are just facilities where people go to have MRIs taken: People with auto injuries, sports injuries, degenerative injuries, age-related injuries, any every possible derivation from there. Horizon and Clear do not decide who needs an MRI; they do not order MRIs; they do not decide how many MRIs are needed; they do not pick what body parts are imaged; they do not refer patients; they do not make decisions about treatment. People, who are ordered by their doctor to have an MRI taken, can choose to have that MRI taken at Clear, Horizon, or any of the dozens of other facilities in the Greater Metropolitan Detroit area. For State Farm to demonize those simple facts is intolerable and inexcusable.

What is truly frightening is the cool aplomb with which State Farm rolls out such blatant inaccuracies and disparaging accusations in its Complaint, all in the hope that the Court will overlook those flawed pleadings merely due to the great (literal) weight of their Complaint and exhibits. Yet, State Farm cannot escape the greater weight of the law against it.

Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S.Ct. 1955, 1964; 167 L.Ed.2d 929 (2007). Because Plaintiff's RICO claims allege mail fraud as an element, Plaintiff must also satisfy the heightened particularity requirements of Rule 9(b) with respect to the elements of fraud. "Rule 9(b) states that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Jackson v. Segwick Claims Mgt. Servs., Inc.*, 699 F.3d 466, 476 (6th Cir. 2012) (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting Fed. R. Civ. P. 9(b)). This includes alleging the "time, place, and content" of the fraudulent acts, the existence of a fraudulent scheme, the intent of the participants in the scheme, and "the injury resulting from the fraud." *Id.* (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.* (*Bledsoe I*), 342 F.3d 634, 643 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2

3

F.3d 157, 161-62 (6th Cir. 1993)).  In addition, the Sixth Circuit has recognized that the particularity requirement of Rule 9(b) applies to cases in federal court even where state law supplies the cause of action. *See Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001).

State Farm's Complaint utterly fails to meet the pleading requirements of 9(b) with respect to each of Plaintiff's fraud claims against Horizon and Clear. The allegations are conclusory, and do not:

> (1) specify the statements that the plaintiff contends were fraudulent,
> (2) identify the speaker or which of the Defendants it alleges are responsible for which statements,
> (3) state where and when the statements were made, and
> (4) explain why the statements were fraudulent.

Probably in light of these fatal flaws in the Complaint, State Farm goes on a storytelling jag that generically throws mud at all the Defendants in the hope that some will stick on Clear and Horizon. But the Complaint is bereft of any supportable allegation concerning *when* the alleged fraudulent enterprise occurred, exactly *which* MRIs were "fraudulent," *how* Clear and Horizon could have committed any of those predicate acts, and *who* allegedly committed them.

As such, Defendants Horizon and Clear request dismissal of all counts against them for the reasons set forth here and in Defendants David Katz's and Scott Zack's Motion to Dismiss [Docket No. 45].  If requested by the Court, Horizon and Clear will further supplement their positions.

4

STARK REAGAN

  /s/ Peter L. Arvant
PETER L. ARVANT (P52809)
Attorney for Defendants Horizon Imaging LLC and Clear Imaging, LLC
1111 W. Long Lake Rd., Ste. 202
Troy, MI  48098
(248) 641-9955
parvant@starkreagan.com

Date:  April 7, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that on April 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

    I certify under penalty of perjury that the foregoing is true and correct.

  /s/ Barbara A. Orzel
BARBARA A. ORZEL

6673-2LIT
6003-8LIT