UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff

v.

Case No.: 14-cv-10266
Hon. Steven J. Murphy III

UNIVERSAL HEALTH GROUP, INC.
A/K/A MICHIGAN SPINE AND REHAB,
UHG MANAGEMENT, LLC,
PROFESSIONAL HEALTH SYSTEMS,
LLC A/K/A PROFESSIONAL MEDICAL
BILLING, LLC, SCOTT P. ZACK, D.C.;
DAVID M. KATZ, D.C.,
JOSEPH F. DESANTO, HORIZON
IMAGING, LLC, CLEAR IMAGING, LLC,
JEFF S. PIERCE, D.O;
THOMAS D. CARUSO, D.O. and
KATHERINE H. KARO, D.O.,

    Defendants.

_____/

## DEFENDANTS JEFF S. PIERCE , D.O. and THOMAS D. CARUSO, D.O.'S RESPONSE TO STATE FARM'S MOTION TO STRIKE CONCURRENCE AND JOINDER IN MOTIONS TO DISMISS STATE FARM'S COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(c), and applicable Sixth Circuit case law and precedent, Defendants Jeff S. Pierce, D.O. ("Pierce") and Thomas D. Caruso, D.O. ("Caruso") (together "Defendants") hereby move this Court to DENY Plaintiff State Farm Mutual Automobile Insurance Company's Motion to Strike the Concurrence and Joinder in Motions to Dismiss Plaintiff's Complaint filed by Defendants Jeff S. Pierce, D.O., and Thomas D. Caruso, D.O., for the reasons set forth in the attached brief in support. Defendants further request this Court sanction State Farm and/or its counsel for bringing this frivolous motion, and

1

award Defendants their costs and attorneys fees so wrongfully incurred in having to respond to this motion.

Dated: May 27, 2014

Respectfully submitted,
/s/Gary R. Blumberg
Gary R. Blumberg, PC
**Gary R. Blumberg (P29820)**
*Attorneys for Defendants Pierce and Caruso*
15011 Michigan Ave
Dearborn, MI 48126
(313) 230-1121
grblumberg@gmail.com


/s/Peter W. Joelson
Joelson Rosenberg PLC
**Peter W. Joelson (P51468)**
*Attorneys for Defendants Pierce and Caruso*
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 626-9966
pjoelson@joelsonrosenberg.com

UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff

v.

                                  Case No.: 14-cv-10266
                                  Hon. Steven J. Murphy III

UNIVERSAL HEALTH GROUP, INC.
A/K/A MICHIGAN SPINE AND REHAB,
UHG MANAGEMENT, LLC,
PROFESSIONAL HEALTH SYSTEMS,
LLC A/K/A PROFESSIONAL MEDICAL
BILLING, LLC, SCOTT P. ZACK, D.C.;
DAVID M. KATZ, D.C.,
JOSEPH F. DESANTO, HORIZON
IMAGING, LLC, CLEAR IMAGING, LLC,
JEFF S. PIERCE, D.O;
THOMAS D. CARUSO, D.O. and
KATHERINE H. KARO, D.O.,

    Defendants.

---

## BRIEF IN SUPPORT OF DEFENDANTS JEFF S. PIERCE, D.O. AND THOMAS D. CARUSO, D.O.'S RESPONSE TO STATE FARM'S MOTION TO STRIKE CONCURRENCE AND JOINDER IN MOTIONS TO DISMISS STATE FARM'S COMPLAINT

# COUNTER-STATEMENT OF ISSUES PRESENTED

I. Should the Court DENY State Farm's Motion to Strike the joinder and concurrence filed by Defendants Pierce and Caruso where Defendants' joinder and concurrence can be fairly construed as a timely motion for judgment on the pleadings and is permissible under Rule 12(c)?

Pierce and Caruso Answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 12(b)
Fed. R. Civ. P. 12(c)
Fed. R. Civ. P. 12(h)
*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989)
*Satkowiak v. Bay Cnty Sheriff's Dep't*, 47 Fed. Appx. 376 (6th Cir. 2002)
*Shoucair v. Warren*, 2010 WL 2884627 (E.D. Mich. 2010)
*Williams v. State Farm Insurance Co.*, 781 F.Supp.2d 519 (E.D. Mich. 2011)

Defendants Pierce and Caruso filed a concurrence and joinder (Doc. # 52) in the motions to dismiss State Farm's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by other defendants on April 18, 2014, a few weeks after Pierce and Caruso had filed their Answers to State Farm's Complaint. State Farm moves to strike Pierce and Caruso's concurrence and joinder (Doc. #52) because it was filed after Pierce and Caruso filed their Answers to State Farm's Complaint and is, therefore, technically untimely pursuant to Fed. R. Civ. P. 12(b).

State Farm's present motion (Doc. #57) is based on a deliberate misapplication of case law and willfully ignores the precedent set by this Court and the Sixth Circuit permitting a technically untimely motion to dismiss under Rule 12(b)(6) to be treated as a motion on the pleadings under Rule 12(c).[1]

Fed. R. Civ. P. 12(b) requires a motion to dismiss under Rule 12(b)(6) to be "made before pleading if a responsive pleading is allowed." However, Fed. R. Civ. P. 12(h)(2) allows a motion to dismiss for failure to state a claim upon which relief can be granted, a Rule 12(b)(6) motion, to be raised "by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B-C). Pursuant to Rule 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."

The principal difference between a Rule 12(c) and Rule 12(b)(6) motion to dismiss is the time of filing, and the two motions are "functionally identical." See *Shoucair v. Warren*, 2010 WL 2884627 (E.D. Mich. 2010) at *2 (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In *Shoucair v. Warren*, this Court held that, although the defendants'

---

[1] State Farm's eagerness to strike Defendants' concurrences as untimely under Rule 12(b)(6) is particularly absurd considering the fact that State Farm recently availed itself of this Court's custom of treating untimely 12(b)(6) motions as motions under Rule 12(c). See *Williams v. State Farm Insurance Co.*, 781 F.Supp.2d 519 (E.D. Mich. 2011).

1

motion to dismiss under Rule 12(b)(6) was untimely, the motion could be construed as one for judgment on the pleadings under Rule 12(c). *Id.*

This Court came to the same conclusion in *Williams v. State Farm Insurance Co.*, 781 F.Supp.2d 519 (E.D. Mich. 2011). In *Williams*, the Court noted that "State Farm filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) after having filed an answer, thereby rendering it untimely." *Williams* at 522. "The Sixth Circuit Court of Appeals has treated post-answer Rule 12(b)(6) motions as requests for the entry of judgments on the pleadings under Fed. R. Civ. P. 12(c)." *Id.* (quoting *Satkowiak v. Bay Cnty Sheriff's Dep't*, 47 Fed. Appx. 376, 377 n.1 (6th Cir. 2002). In *Williams*, the Court heard State Farm's untimely 12(b)(6) motion and treated it as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Id.* at 523.

In support of its motion, State Farm cites *Ohio Sav. Bank v. Manhattan Mortg. Co., Inc.*, 2005 WL 1075054 (N.D. Ohio 2005) for the proposition that a party is "foreclosed from moving to dismiss after filing his answer." The quoted sentence does appear in *Ohio Sav. Bank v. Manhattan Mortg. Co., Inc.*, but is deliberately taken out of context by State Farm. In *Ohio Sav. Bank*, one of the defendants moved for dismissal pursuant to Rule 12(b)(3) (improper venue), Rule 12(b)(2) (lack of personal jurisdiction), and Rule 12(b)(7) (failure to join an indispensible party). The district court denied the defendant's motion to dismiss under Rules 12(b)(2), (3), and (7) as untimely because it was filed after the defendant had filed its answer. *Ohio Sav. Bank* is distinguishable from this case because the defendant's untimely motion to dismiss was brought under Rules 12(b)(2), (3), and (7), while Defendants Pierce and Caruso moved for dismissal of State Farm's Complaint under Rule 12(b)(6). As stated above, motions to dismiss for failure to state a claim upon which relief may be granted may be filed pursuant to Rule 12(b)(6) *or* Rule 12(c), if the pleadings are closed.

2

Defendants Pierce and Caruso request this Court DENY State Farm's Motion to Strike the concurrence and joinder (Doc. #52) and construe their concurrence and joinder as a motion for judgment on the pleadings under Rule 12(c). Alternatively, Defendants Pierce and Caruso request leave from the Court to amend their concurrence and joinder to request relief under Rule 12(c) rather than Rule 12(b)(6).

Dated: May 27, 2014

Respectfully submitted,
/s/Gary R. Blumberg
Gary R. Blumberg, PC
**Gary R. Blumberg (P29820)**
*Attorneys for Defendants Pierce and Caruso*
15011 Michigan Ave
Dearborn, MI 48126
(313) 230-1121
grblumberg@gmail.com

/s/Peter W. Joelson
Joelson Rosenberg PLC
**Peter W. Joelson (P51468)**
*Attorneys for Defendants Pierce and Caruso*
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 626-9966
pjoelson@joelsonrosenberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, I electronically filed the foregoing document with the clerk for the United States District Court for the Eastern District of Michigan, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Susan Brohman
Susan Brohman