UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

-------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                      Plaintiff,

v.

UNIVERSAL HEALTH GROUP, INC.
A/K/A MICHIGAN SPINE AND REHAB,
UHG MANAGEMENT, LLC,
PROFESSIONAL HEALTH SYSTEMS,
LLC A/K/A PROFESSIONAL MEDICAL
BILLING, LLC, SCOTT P. ZACK, D.C.,
DAVID M. KATZ, D.C.,
LOREN C. CHUDLER, D.O.,
JOSEPH F. DESANTO, HORIZON
IMAGING, LLC, CLEAR IMAGING, LLC,
JEFF S. PIERCE, D.O.,
THOMAS D. CARUSO, D.O., and
KATHERINE H. KARO, D.O.,

                      Defendants.
-------------------------------------------------------------x

Case No. 14-cv-10266

Hon. Judith E. Levy

Magistrate Judge
David R. Grand

**STATE FARM'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS JEFF S. PIERCE D.O. AND THOMAS D. CARUSO, D.O.'S CONCURRENCE AND JOINDER IN <u>MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT</u>**

In their Response, Defendants Jeff S. Pierce, D.O. ("Pierce") and Thomas D. Caruso, D.O. ("Caruso") admit that their Concurrence and Joinder – in which they seek to join in the motions to dismiss filed by other Defendants – was "technically untimely" pursuant to Fed. R. Civ. P. 12(b). (Dkt. No. 60 ("Resp."), at 1.)  Nevertheless, they proceed to accuse State Farm of "deliberately misappl[ying]" or "willfully ignor[ing]" the governing law and even ask the Court to award them monetary sanctions. (*Id.*)  The text of Rule 12(b) could not be more clear:  a motion to dismiss asserting any of the defenses in subsections (1) through (7) "***must*** be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added).  Pierce and Caruso answered State Farm's Complaint, but then attempted to join in several Rule 12(b)(6) motions ***weeks later***.  They plainly violated the Rule, and thus their Concurrence and Joinder should be stricken as untimely.

Rather than accept this result, Pierce and Caruso instead suggest that the Court should, *sua sponte*, convert their Concurrence and Joinder into a Rule 12(c) motion for judgment on the pleadings.  But there is no basis for the Court to do so.  Indeed, Rule 12(c) motions can only be filed "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c).  And numerous courts throughout this Circuit have held that "the pleadings are not 'closed' until ***every defendant*** has filed an answer." *See Dunn-Mason v. JP Morgan Chase Bank Nat'l Ass'n*, No. 11-cv-13419, 2013 WL 4084676, at *4 (E.D. Mich. Aug. 13, 2013) (emphasis added)

(collecting authority). State Farm's Complaint names 12 separate defendants, *see* Dkt. 1 at 1, and thus far only three have filed Answers – Pierce, Caruso, and Defendant Katherine H. Karo, D.O., *see* Dkt. Nos. 29-31. All other named Defendants have filed only motions to dismiss or joinders, and thus the pleadings are not "closed."[1] Thus, Pierce and Caruso have no recourse under Rule 12(c).[2] *See Habeeba's Dance of the Arts, Ltd. V. Knoblauch*, No. 2:05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006) (denying Rule 12(c) motion as premature where movant's co-defendant had filed a motion to dismiss and not yet filed an answer).

Finally, State Farm in no way misstated the holding of *Ohio Savings Bank*. (*See* Resp. at 2.) In that case, one defendant filed a motion pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(7) after filing his answer. *See Ohio Savs. Bank v. Manhattan Mortg. Co., Inc.*, No. 1:04-CV-128, 2005 WL 1075054, at *5 (N.D. Ohio May 5, 2005). The court denied that motion as untimely based on the plain

---

[1] For this reason, the principal cases cited by Pierce and Caruso are inapposite. In both *Shoucair* and *Williams*, the pleadings had "closed" because all responsive pleadings had been filed. *See Shoucair v. Warren,* No. 07-12964, 2010 WL 2884627, at *2 (E.D. Mich. May 25, 2010); *Williams v. State Farm Ins. Co.*, 781 F. Supp. 2d 519, 522 (E.D. Mich. 2011). Moreover, the fact that State Farm was involved in the *Williams* case is of no moment.

[2] Even if Rule 12(c) was available to Pierce and Caruso – and it is not – their own authority makes clear that the decision to convert an untimely Rule 12(b)(6) motion into a Rule 12(c) motion is merely "in the Court's discretion." *See Shoucair v. Warren,* No. 07-12964, 2010 WL 2884627, at *2 (E.D. Mich. May 25, 2010). The conversion is far from a mandatory "custom," as Pierce and Caruso assert. *See* Resp. at 1 n.1.

language of Rule 12(b), which imposes timing restrictions on motions brought pursuant subsections (1) through (7).  *See id.; see also* Fed. R. Civ. P. 12(b).  Contrary to Pierce and Caruso's view, the court in *Ohio Savings Bank* did not single out Rule 12(b)(6) motions for special treatment.  It simply denied the motion that was before it, which is precisely what this Court should do.

For the foregoing reasons, State Farm respectfully requests that the Court strike Pierce and Caruso's Concurrence and Joinder as untimely under Rule 12(b).

Dated:  June 5, 2014

/s/ Eric T. Gortner
Ross O. Silverman
Eric T. Gortner
Jared T. Heck
Katten Muchin Rosenman, LLP
525 W. Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5200
ross.silverman@kattenlaw.com
eric.gortner@kattenlaw.com
jared.heck@kattenlaw.com

Thomas Cranmer
Miller Canfield
840 W. Long Lake Road
Suite 200
Troy, MI 48098
(248)-267-3381
cranmer@millercanfield.com

*Attorneys for Plaintiff State Farm Mutual Automobile Insurance Company*

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2014, I electronically filed the foregoing Brief with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

By: /s/ Eric T. Gortner
Eric T. Gortner
Katten Muchin Rosenman, LLP
525 W. Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5200
eric.gortner@kattenlaw.com