UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 2:14-cv-10266 |
| v. | Hon. Steven J. Murphy III |
| UNIVERSAL HEALTH GROUP, INC. A/K/A MICHIGAN SPINE AND REHAB, UHG MANAGEMENT, LLC, PROFESSIONAL HEALTH SYSTEMS, LLC A/K/A PROFESSIONAL MEDICAL BILLING, LLC, SCOTT P. ZACK, D.C., DAVID M. KATZ, D.C., LOREN C. CHUDLER, D.O., JOSEPH F. DESANTO, HORIZON IMAGING, LLC, CLEAR IMAGING, LLC, JEFF S. PIERCE, D.O., THOMAS D. CARUSO, D.O., and KATHERINE H. KARO, D.O., | **REPLY BRIEF IN SUPPORT OF DEFENDANT UNIVERSAL, UHG and PROFESSIONAL HEALTH SYSTEMS MOTION TO DISMISS** |
| Defendants. | |

| | |
|---|---|
| Thomas Cranmer<br>Miller Canfield<br>840 W. Long Lake Road<br>Suite 200<br>Troy, MI 48098<br>(248)-267-3381<br>cranmer@millercanfield.com<br>*Attorneys for Plaintiff State Farm*<br>*Mutual Automobile Insurance Company* | Michael J. Lavoie (P32584)<br>Robin Luce Herrmann (P46880)<br>Debra A. Geroux (P50955)<br>Ziyad I. Hermiz (P72236)<br>BUTZEL LONG, a professional corporation<br>150 W. Jefferson Ave., Suite 100<br>Detroit, Michigan  48226<br>(313) 225-7000<br>lavoie@butzel.com<br>luce-herrmann@butzel.com<br>geroux@butzel.com<br>hermiz@butzel.com |

|  | *Attorneys for Defendants Scott P. Zack, D.C. and David M. Katz, D.C.* |
|---|---|
| Ross O. Silverman (IL 6226560)<br>Eric T. Gortner (IL 6275017)<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street<br>Chicago, IL 60661-3693<br>312.902.5200<br>ross.silverman@kattenlaw.com<br>eric.gortner@kattenlaw.com<br>*Co-Counsel for Plaintiff State Farm Mutual Automobile Insurance Company* | Ben M. Gonek (P43716)<br>LAW OFFICES OF BEN GONEK<br>500 Griswold Street, Suite 3500<br>Detroit, MI 48226<br>(313) 962-5210<br>ben@goneklaw.com<br>*Attorneys for Universal Health Group, Inc., d/b/a Michigan Spine and Rehab, UHG Management, LLC, and Professional Medical Billing, LLC* |
| Peter Arvant (P52809)<br>STARK REAGAN PC<br>1111 W Long Lake Rd., Suite 202<br>Troy, MI  48098<br>(248) 641-9955<br>parvant@starkreagan.com<br>*Attorneys for Defendants Horizon Imaging, LLC and Clear Imaging, LLC* | Dennis Egan (P29116)<br>Jovan Dragovic (P64578)<br>KOTZ SANGSTER WYSOCKI PC<br>400 Renaissance Ctr., Suite 3400<br>Detroit, MI  48243<br>(313) 259-8784<br>*Attorneys for Loren Chudler,D.O.* |

## DEFENDANTS UNIVERSAL HEALTH GROUP, UHG MANAGEMENT AND PROFESSIONAL MEDICAL BILLING'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

_____

## I.  INTRODUCTION

Defendants Universal Health Group, Inc. (Universal), UGH Management, LLC (UGH) and Professional Medical Billing LLC (Professional Medical) file this Reply Brief to address the Plaintiffs' ("State Farm") Response to the Defendants' Motion to Dismiss.  Universal, UGH and Professional Medical also join in and

concur with Defendants Katz' and Zack's Reply to State Farm's Response to the Defendants' Motion to Dismiss.

## II.    FACTS AND ARGUMENT

State Farm has filed a massive (298 pages) Complaint against all of the Defendants based on alleged (mis)treatment of their patients who were subject to certain care under Michigan's No Fault Act.  In its Complaint, State Farm alleges that the Defendants filed fraudulent claims for reimbursement and cite to dozens of cases in support of these allegations; State Farm then avers that there are literally thousands of other cases that are subject to the allegations made in the instant lawsuit.  State Farm claims that it has unintentionally paid thousands of bogus claims and now seeks to recover these payments, as well as treble damages and attorney fees.  State Farm goes even further and requests that this Court make a determination that State Farm need never pay any claim to the named Defendants in the future.

In its Motion to Dismiss, the Defendants point out to the Court that many of these allegedly phony claims have already been adjudicated in the Michigan State Courts pursuant to Michigan's No Fault Act.  In addition to Res Judicata and Collateral Estoppel issues that prevent this Court from retrying the individual cases, the Defendants have cited to law that clearly indicated that the Federal Courts have generally abstained, and in this case should specifically abstain, from

these disputes.  Defendants argue that this is exactly the type of case this Court should abstain from hearing and have requested a dismissal this action. Specifically, the Defendants relied on the Abstention Doctrines developed in the *Colorado River* and *Burford* cases. (*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976) and *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098 (1943)

In response, State Farm claims that the Defendants did not identify "any pending state-court cases at all" and feigned lack of knowledge of any specific claims.  As pointed out in Katz' and Zack's Reply Brief, this response was not only disingenuous, but perhaps an outright dishonest statement, because it now appears that many, if not most of the thousands of claims have already been adjudicated or are in the process of being adjudicated in Michigan State Courts. Each of these state court actions involve the very same claims that State Farm now is asking this Court to throw out, overturn or permanently bar.

There are no allegations against any of the Defendants that they failed to treat any patients who injuries were not covered by the No Fault Act, nor are there allegations that the Defendants engaged in any other activity, (i.e. money laundering, prostitution, drug smuggling, etc.) that would typically give rise to a RICO claim.  In other words, this Court will examine the same facts (a medical provider treats patient and then submits bill to State Farm) and the same parties

(State Farm and the named Defendants) that have already been examined, are currently being examined or will be examined in the state court proceedings. The fact that State Farm has upped the ante in the litigation by alleging additional counts (such as RICO) does not alter the fundamental nature of the disputes between the parties, nor does it negate the jurisdiction of the state courts and any verdicts obtained in those proceedings.   State Farm's Complaint should be dismissed and the disposition of these claims should continue to stay where they have been adjudicated for years: the Michigan State Courts

Respectfully submitted,


 /s/ Ben M. Gonek
Ben M. Gonek (P43716)
LAW OFFICES OF BEN GONEK
500 Griswold Street, Suite 3500
Detroit, MI 48226
(313) 962-5210

Dated:  June 16, 2014


## CERTIFICATE OF SERVICE

Ben M. Gonek hereby states that on the 16th day of June 2014, he caused the foregoing Reply Brief to be filed electronically with the United States District Court and that copies of said brief was forwarded to all counsel of record using the ecf system.

 /s/ Ben M Gonek
Ben M. Gonek  (P43716)