UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

            Plaintiff,

v.

UNIVERSAL HEALTH GROUP, INC.
A/K/A MICHIGAN SPINE AND REHAB,
UHG MANAGEMENT, LLC,
PROFESSIONAL HEALTH SYSTEMS,
LLC A/K/A PROFESSIONAL MEDICAL
BILLING, LLC, SCOTT P. ZACK, D.C.,
DAVID M. KATZ, D.C., LOREN C.
CHUDLER, D.O., JOSEPH F. DESANTO,
HORIZON IMAGING, LLC, CLEAR
IMAGING, LLC, JEFF S. PIERCE, D.O.,
THOMAS D. CARUSO, D.O., and
KATHERINE H. KARO, D.O.,

            Defendants.

Civil Action No. 5:14-cv-10266

Hon. Judith E. Levy
Magistrate Judge David R. Grand

**LOREN CHUDLER, D.O.'S JOINDER AND CONCURRENCE IN ZACK
AND KATZ'S REPLY BRIEF TO STATE FARM'S JOINT RESPONSE IN
<u>OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>**

Dr. Chudler hereby concurs in and incorporates the arguments set forth in the reply brief submitted by Defendants Zack and Katz.

Dr. Chudler additionally submits that State Farm repeats the same conclusory allegations from its Complaint as reasons supporting why its allegations allegedly satisfy Fed. R. Civ. P. 9(b). This is not sufficient to salvage State Farm's Complaint. State Farm argues that it

> provides concrete and specific allegations explaining why Defendants' insurance claims were fraudulent. ***In particular***, State Farm alleges that Defendants intentionally made the material representations to induce State Farm to pay millions of dollars in No-Fault Benefits to which Defendants were ***not entitled***, because they ***were not reasonably necessary***, as ***required*** to obtain No-Fault Benefits under MCL 500.3107. (Dkt. # 58, page 20).

This is just a formulaic repetition of the elements of fraud coupled with a statement of motive. State Farm does not actually provide specific allegations of false statements by Dr. Chudler. Contrary to State Farm's representations, the charts attached to its Complaint do not "*specifically* identify the *specific* misrepresentations." Instead they merely summarize the records and submissions of the various Defendants and label them "false" or "fraudulent" without explaining why they are false or fraudulent, and why and how each Defendant intended them to be false to induce State Farm to pay claims.

1

State Farm's brief reveals that its real claim sounds in Michigan's no fault act.[1] Meanwhile State Farm repeatedly misrepresents Michigan's no fault act. At the heart of State Farm's misrepresentation is that the no fault act "***authorizes*** providers to charge for reasonably necessary medical expenses," as if to assert that charges found not to be "reasonably necessary" are "not authorized."[2]

But the no fault act does not use the term *authorize*. Physicians do not bill car insurance companies for treating their insureds because the statute *authorizes* them to do so. They do it because that is how health care business is conducted in the United States of America.[3] Rather than *authorize* conduct, section 3107 of the statute states what is "*allowable*" as a personal protection insurance benefit.[4] The focus of the statute's "*allowable expenses*" is on the injured insured.

MCL 500.3157, on the other hand, applies to health care providers. It states: "a physician…lawfully rendering treatment to an injured person for…injury

---

[1] State Farm's references to cases that apply the insurance laws of the state of Florida, New York, or Pennsylvania are irrelevant to the questions of law under Michigan's no fault act.

[2] Whether items and services are reasonably necessary for the care, recovery, and rehabilitation of an injured person is the central factual issue in almost every no fault case.

[3] This is a far cry from the "arson, drug trafficking, and bank robbery" addressed in the insurance fraud cases cited by State Farm.

[4] "***Allowable*** expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation. ***Allowable*** expenses shall not include…" MCL 500.3107(1)(a). See also *Douglas v Allstate Ins Co.*, 492 Mich 241, 259-260; 821 NW2d 472 (2012); *Griffith v State Farm Mutual Ins. Co.*, 472 Mich 521, 527, 531-533; 697 NW2d 895 (2005).

covered by personal protection insurance…*may* charge a reasonable amount for products, services and accommodations rendered." *May* connotes permissive conduct.

So the no fault act is not drafted in the prohibitive or proscriptive manner of a criminal statute as State Farm would have this Court believe. To the contrary, the no fault act is drafted in a permissive and facilitative manner in conformity with the purposes for which the statute was enacted as a comprehensive scheme for addressing all matters relating to Michigan's system of compulsory automobile insurance.[5] Clever substitution of words does not alter the plain meaning of the statute. In short, the law is what the legislature has written and what the courts interpret, not what State Farm greedily wishes it was, or believes it should be.

On State Farm's faulty reformulation of the no fault act, State Farm advances its argument that Defendants sought "to obtain no fault benefits to which they were '*not entitled*.'" But State Farm's conclusion of Defendants' collective lack of entitlement does extreme violence to the rights and obligations carefully balanced by the legislature under the no fault act over forty years ago. State Farm does not speak in terms of allowable expenses and what Defendants may charge

---

[5] The Michigan Supreme Court has determined that the Legislature intended the no fault act to be construed liberally in favor of insureds. *Turner v Auto Club Ins. Ass'n,* 448 Mich 22, 28; 528 NW2d 681 (1995).

3

and collect.  Instead, State Farm alleges its characterization of "fraud" comprised of Defendants' submission of

> bills and supporting documents that falsely represented that: (a) examinations and diagnoses were ***proper*** and ***legitimate***, (b) chiropractic and physical therapy treatments were ***medically necessary***; (c) patients were disabled; (d) diagnostic tests, X-rays and MRIs were ***medically necessary***; (e) MRI interpretive reports were ***legitimate***; (f) EDX Tests were ***medically necessary*** and ***properly*** performed, and (g) data generated by the tests and upon which they were supposedly interpreted was ***legitimate***.[6]

Nowhere in the no fault act does it state or specify what is medically necessary, proper, or legitimate.  In fact, the Michigan Supreme Court has recently explicitly refused to engraft onto, and rejected any requirement under, the no fault act that services be "medically necessary" or "medically appropriate." *Krohn v Home-Owners Ins. Co.,* 490 Mich 145, 171; 802 NW2d 281 (2011).

Moreover, the no-fault act does not create an affirmative statutory presumption[7] that any provider whose records are submitted with a claim to an insurer for no fault benefits necessarily and affirmatively represents (punishable by charges of fraud) that the services were "reasonable charges incurred for reasonably necessary products, services and accommodations for an injured

---

[6] Dkt # 58, page 18.
[7] State Farm itself decries the imposition of a presumptive duty under the no fault act (see Dkt # 58, page 61).

4

person's care, recovery, or rehabilitation."[8]  This is far from the case.  What is reasonable and necessary is, by its very nature, a particularly fact-intensive inquiry made on a case-by-case basis, which is and has always been the primary subject of no fault actions in state courts across Michigan.[9]  Instead of acknowledging the applicable Michigan law, State Farm attempts to deceive this Court by advancing its self-interested standard as the law against which its allegations must be measured.

State Farm has failed to state a claim upon which relief can be granted against Dr. Chudler.  Dr. Chudler reiterates his request that State Farm's claims against him be dismissed.

<strong>KOTZ SANGSTER WYSOCKI P.C.</strong>

Dated: June 16, 2014                    By: /s/  Jovan Dragovic
                                        Dennis K. Egan (P29116)
                                        Jovan Dragovic (P64578)
                                        Attorneys for Loren Chudler, D.O.
                                        400 Renaissance Center, Suite 3400
                                        Detroit, Michigan  48243
                                        (313) 259-8700 - Telephone
                                        degan@kotzsangster.com
                                        jdragovic@kotzsangster.com

---

[8] MCL 500.3107(a).

[9] *Hoffman v. ACIA,* 211 Mich App 55, 94; 535 NW2d 529 (1995) citing *Nasser v ACIA,* 435 Mich 33, 49-50; 457 NW2d 637 (1990). See also *Douglas v Allstate Ins Co.,* 492 Mich 241, 259-260; 821 NW2d 472 (2012); *Griffith v State Farm Mutual Ins. Co.,* 472 Mich 521, 527, 531-533; 697 NW2d 895 (2005) discussing the factual nature of determining whether an expense is "allowable."

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Plaintiff,

v.

UNIVERSAL HEALTH GROUP, INC.
A/K/A MICHIGAN SPINE AND REHAB,
UHG MANAGEMENT, LLC,
PROFESSIONAL HEALTH SYSTEMS,
LLC A/K/A PROFESSIONAL MEDICAL
BILLING, LLC, SCOTT P. ZACK, D.C.,
DAVID M. KATZ, D.C., LOREN C.
CHUDLER, D.O., JOSEPH F. DESANTO,
HORIZON IMAGING, LLC, CLEAR
IMAGING, LLC, JEFF S. PIERCE, D.O.,
THOMAS D. CARUSO, D.O., and
KATHERINE H. KARO, D.O.,

                Defendants.

Civil Action No. 5:14-cv-10266

Hon. Judith E. Levy
Magistrate Judge David R. Grand

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2014, I electronically filed the foregoing document with the United States District Court using the ECF system. Notice of Electronic Filing of these documents will be sent to all parties by operation of the Court's electronic filing system.

/s/ Kimberly J. Presson

6