UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                       Plaintiff,

v.

UNIVERSAL HEALTH GROUP, INC.
A/K/A MICHIGAN SPINE AND REHAB,
UHG MANAGEMENT, LLC,
PROFESSIONAL HEALTH SYSTEMS,
LLC A/K/A PROFESSIONAL MEDICAL
BILLING, LLC, SCOTT P. ZACK, D.C.,
DAVID M. KATZ, D.C.,
LOREN C. CHUDLER, D.O.,
JOSEPH F. DESANTO, HORIZON
IMAGING, LLC, CLEAR IMAGING, LLC,
JEFF S. PIERCE, D.O.,
THOMAS D. CARUSO, D.O., and
KATHERINE H. KARO, D.O.,

                       Defendants.
_____/

Case No. 5:14-cv-10266
Hon. Judith E. Levy
Mag. Judge David R. Grand

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED:**

1.    This Protective Order shall apply to *State Farm Mutual Automobile Insurance Company v. Universal Health Group, Inc., et al.,* Civil Action No. 5:14-cv-10266, in the United States District Court for the Eastern District of Michigan (the "Litigation").

1

**A.     "Confidential" Documents and Information**

2.     This Protective Order is intended to expedite the flow of certain discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept "Confidential," and ensure that protection is afforded only to "Confidential" material. Any designation of materials as "Confidential" must be made in good faith and in accordance with applicable law. In addition, certain documents shall be deemed "Confidential" and subject to the provisions of this Protective Order without the requirement of further designation and marking, as set forth below:

> (a)     The following "Personal Medical" documents shall be deemed "Confidential" and subject to the provisions of this Protective Order without the requirement of further designation and marking:
>
>> (i)     Any document containing Protected Health Information ("PHI") as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and
>>
>> (ii)    All patient files, including file jacket and contents which may include but are not limited to visit notes, photographs/videos/text, operative reports, discharge summaries, radiological films, copies, prints and extracts, medical record abstracts (e.g., history, physical operative reports, consult reports), pathology reports, radiology reports, laboratory reports, entire patient medical records, psychological reports or profiles, diagnostic test results, billing statements, claim forms, explanation of benefit forms, prescriptions, and referrals.

   (b) In addition, State Farm's "Claim Files" containing and/or referencing Personal Medical documents and information may be deemed "Confidential" and subject to the provisions of this Protective Order. The parties acknowledge (based upon State Farm's representations) that some individual documents within the Claim Files may not constitute Personal Medical documents and/or contain PHI, but, in the interests of economic efficiency, State Farm's Claim Files shall be deemed and designated as "Confidential." To the extent that such individual documents in the Claim Files do not constitute Personal Medical documents or contain PHI, those particular documents shall not be "Confidential" and the other provisions of this Protective Order do not apply to such individual documents.

 3. Except as set forth above, parties and non-parties shall designate "Confidential" information by marking the word "CONFIDENTIAL" on the face of the relevant documents and on each page containing "Confidential" information.

 4. Notwithstanding any other provisions of this Protective Order, Personal Medical and Claim File documents may be publicly used and/or disclosed provided that any personal-identifying information, such as patient names, addresses, phone numbers, and Social Security numbers, are first redacted. Any party who discloses any such Personal Medical and/or Claim File documents shall bear the responsibility of ensuring that the personal-identifying information referenced above is redacted. Redacted copies and/or versions of Personal Medical and Claim File documents shall not be considered and/or treated as "Confidential" under this Protective Order.

5. Any party to this Litigation may designate as "Confidential" Personal Medical or Claim File documents – or portions thereof – produced by any other party or non-party. Subject to the provisions of Paragraph 11, the party choosing to make the designation shall give written notice to all other parties as soon as practicable after production is made. That notice shall identify the specific reasons why the documents or information are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure and the provisions of this Protective Order.

6. Except with the prior written consent of (i) the party or other person who originally designated and/or stamped as "Confidential" a document produced in this Litigation; or (ii) the party who originally designated as "Confidential," pursuant to Paragraph 5, information produced by other parties or non-parties or as hereinafter provided under this Protective Order, no document or information produced and designated as "Confidential" under this Protective Order may be disclosed to any person or entity except as set forth in this Protective Order.

7. For purposes of this Protective Order, the term "document" means all written, electronic, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, depositions, pleadings, exhibits, responses to requests

for admission, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas that quote, summarize, or contain material entitled to protection.

8. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases, or programs stored on computers, disks, networks, or tapes) ("Computerized Material") is produced by any person or entity in such form, the producing person or entity may designate such matter as "Confidential" by cover letter referring specifically to such matter. Whenever any person to whom Computerized Material designated as "Confidential" is produced reduces such material to hard-copy form, such person shall mark "CONFIDENTIAL" on the face of the relevant documents and on each page containing "Confidential" information.

**B. Permissible Disclosures of "Confidential" Documents or Information**

9. "Confidential" documents and information may be disclosed to: (i) the parties to this Litigation; (ii) counsel for the parties in this Litigation; (iii) the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the Litigation; (iv) persons or entities that are clearly identified in the document as an author, addressee, carbon-copy recipient, or blind carbon-copy recipient; (v) court

officials, mediators, or arbitrators involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and (vi) any other person mutually agreed upon by the parties. Subject to the provisions of Paragraph 10, such documents may also be disclosed to:

    (a)    any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

    (b)    witnesses and/or potential witnesses – including but not limited to non-parties to whom subpoenas are directed – to the extent reasonably necessary to obtain testimony, obtain documents, or determine the witness's or potential witness's knowledge as it pertains to this Litigation;

    (c)    consultants, experts and/or others contacted or retained for the purpose of assisting counsel in the Litigation; and

    (d)    entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data.

10. In all such cases where disclosure is to be made to any person or entity listed in Paragraph 9(a)-(d), such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A prior to reviewing any "Confidential" documents or information. Any individual or entity listed in Paragraph 9(a)-(d) that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential" documents or information. The attorney making or seeking to make the disclosure shall maintain each executed

Confidentiality Agreement in his or her files, and will produce the same upon written demand of any other party.

### C. Declassification

11. Notwithstanding the designation of documents or information described above in Paragraph 2 as "Confidential," any "Confidential" designation may be challenged as set forth herein. If any party to the Litigation disputes the "Confidential" designation of any documents, portions of documents, or testimony, the declassification procedure shall be as follows: (a) that party shall give notice to all other parties identifying the reasons concerning why the documents or information are not entitled to "Confidential" treatment (the "Objection"); (b) the parties shall promptly meet-and-confer in an attempt to resolve their differences by agreement; and (c) if the parties are unable to agree as to whether the designated items are "Confidential," the party that made the designation, within fourteen (14) days of receiving the Objection (unless the parties otherwise agree), must file an appropriate motion with the Court, seeking an order determining whether the items are "Confidential" and entitled to protection under applicable law and this Protective Order. Failure to bring such a motion within fourteen (14) days of receiving an Objection (or within any extended time period agreed to by the parties) shall result in waiver of "Confidential" protection of the documents or information in question. Until resolution of the dispute is achieved either through

(a) failure to bring a motion, (b) consent, or (c) Court order, all parties shall treat the documents in question as "Confidential."

### D. Use of "Confidential" Documents or Information in a Deposition

12. A deponent may be shown and examined about a "Confidential" document or information during a deposition if the deponent is the author or a named recipient of the document or if the applicable provisions of Paragraph 10 are met. If a "Confidential" document is entered as an exhibit to the deposition, it shall be kept under seal. Unless provided in a manner authorized under this Protective Order, deponents shall not retain or copy any "Confidential" document that is provided to them during the course of their deposition.

13. Subject to the provisions of Paragraph 12, parties and deponents may, within 21 days after receiving the official deposition transcript, designate pages of the transcript (and exhibits thereto) as "Confidential." "Confidential" information within the deposition transcript may be designated by providing written notice to all other parties of the page and line numbers that contain "Confidential" information. If a "Confidential" designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

### E. Use of "Confidential" Documents or Information at a Hearing or Trial

14. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. "Confidential" documents or information may be offered in evidence at trial or any Court hearing, provided that such documents or other information shall be retained under seal by the Court or the trier of fact, if the Court so determines, and be subject to the terms of this Protective Order. Any party may also move the Court for an order that the evidence be received *in camera* or pursuant to any other conditions to prevent unnecessary disclosure. Nothing contained in this Paragraph shall prohibit any party from moving the Court for an order that the party may deem appropriate regarding the use of "Confidential" documents at a Court hearing or trial.

### F. Use of "Confidential" Documents and Information in Legal Documents

15. A party that seeks to file any pleading, motion, brief, memoranda, or other paper that contains "Confidential" information must comply with Civil Local Rule 5.3, and this Order shall serve as a stipulated order for the purposes of that Rule. Consistent with Civil Local Rule 5.3, only those portions of Court filings containing "Confidential" information shall be filed under seal. The public version of the document shall be as complete as possible, but the filing party may redact

the "Confidential" material or refer to it in a way that does not reveal the "Confidential" information. A courtesy copy of the filing containing the "Confidential" material shall be delivered to the Court and a full copy of any such sealed submission shall be served upon counsel for the parties. Such service may be effected by e-mail. Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

16. If any party objects to identified portions of the materials remaining under seal, it shall state its objections in an electronically delivered letter to the appropriate counsel of record. The interested parties shall promptly meet-and-confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.

**G. Use**

17. Persons obtaining access to "Confidential" documents or information under this Protective Order shall use the "Confidential" information only for purposes of this Litigation (including any and all subsequent proceedings in this Litigation, such as appeal), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

18. In the event that any person or entity referred to in Paragraph 9 of this Protective Order is served with legal process purporting to require the disclosure of

any "Confidential" information (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers, state, local, or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone, email, and/or facsimile, as soon as practicable prior to the requested disclosure to afford any party who may be adversely affected by the disclosure an opportunity to intervene.  The Disclosing Entity shall not disclose the "Confidential" information for a period of at least ten (10) days in order to allow such party to take the steps necessary to preserve the confidentiality of such information or document.

### H. Termination

19.   The provisions of this Protective Order shall not terminate at the conclusion of this Litigation.  However, within 120 days after final conclusion of all aspects of this Litigation (including all appeals), "Confidential" documents and all copies (including excerpts) shall be returned to the party or person that produced such documents or, at the option of the producer, be destroyed.  Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain "Confidential" information, so long as counsel protects that information consistent with the terms of this Protective Order.

### I.     Modification Permitted

20.    Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

### J.     Responsibility of Attorneys

21.    The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of "Confidential" documents.

### K.     No Waiver

22.    Review of the "Confidential" documents and information by counsel, experts, or consultants for the parties in the Litigation shall not waive the confidentiality of the documents or objections to production.

23.    The inadvertent, unintentional, or *in camera* disclosure of "Confidential" documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, as to the documents themselves, or as to any other documents or information not disclosed.  Nothing contained in this Paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

24.    The intentional disclosure of a "Confidential" document in a manner in violation of or inconsistent with the terms of this Protective Order shall be

submitted to the Court for consideration of appropriate relief. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

**L. HIPAA**

25. The following special treatment is to be provided to any document which contains PHI of any party or non-party:

    (a) The parties are to exchange any documents covered by HIPAA only after the entry of this Protective Order;

    (b) Pursuant to the provisions of HIPAA, this Order extends to all HIPAA protected content and will operate in place of authorizations by those individuals whose files are the basis of the action at bar;

    (c) The parties are prohibited from using or disclosing the protected PHI for any purpose other than the Litigation; and

    (d) The parties shall return to the covered entity or destroy the PHI (including all copies made) at the end of the Litigation. In the event a party elects to destroy the PHI, it shall supply to the covered entity a sworn affidavit verifying the destruction. In no event shall any original, protected PHI be destroyed. All original PHI shall be returned to the covered entity.

26. The parties agree that, based on the provisions set forth in Paragraph 25(a)-(d), this Protective Order is a "qualified protective order" as defined by HIPAA. 45 CFR 164.512(e)(1)(v).

**M.     Third-Party Productions**

27.    The protections under this Protective Order extend to any information or documents produced by any third-parties pursuant to a subpoena served by any party to this litigation.


Dated:  June 18, 2014                              <u>s/Judith E. Levy</u>
                                                                **Honorable Judith E. Levy**
                                                                **United States District Judge**

Stipulated and agreed to by:

**MILLER CANFIELD PADDOCK & STONE PLC**
By:  /s/ Thomas W. Cranmer
Thomas W. Cranmer (P25252)
*Attorney for Plaintiff State Farm Mutual Automobile Insurance Company*
Dated:  June 17, 2014

**KATTEN MUCHIN ROSENMAN LLP**
By:  /s/ Eric T. Gortner
Eric T. Gortner (IL 6275017)
*Attorney for Plaintiff State Farm Mutual Automobile Insurance Company*
Dated:  June 17, 2014

**BUTZEL LONG, A PROFESSIONAL CORPORATION**
By:  /s/ Michael J. Lavoie
Michael J. Lavoie (P32584)
*Attorney for Defendants Scott P. Zack, D.C. and David M. Katz, D.C*
Dated:  June 17, 2014

**JOELSON ROSENBERG PLC**
By:  /s/ Peter W. Joelson
Peter W. Joelson (P51468)
*Attorney for Defendants Jeff S. Pierce, D.O. and Thomas D. Caruso, D.O.*
Dated:  June 17, 2014

**LAW OFFICES OF BEN GONEK**
By:  /s/ Ben M. Gonek
Ben M. Gonek (P43716)
*Attorneys for Defendants Universal Health Group; UHG Management; and Professional Medical Billing, LLC*
Dated:  June 17, 2014

**KOTZ SANGSTER WYSOCKI PC**
By:  /s/ Jovan Dragovic
Jovan Dragovic (P64578)
*Attorney for Defendant Loren Chudler, D.O.*
Dated:  June 17, 2014

**FINK + ASSOCIATES LAW**
By:  /s/ David H. Fink
David H. Fink (P28235)
*Attorneys for Defendant Joseph F. DeSanto*
Dated:  June 17, 2014

**STARK REAGAN PC**
By:  /s/ Peter Arvant
Peter Arvant (P52809)
*Attorneys for Defendants Horizon Imaging, LLC and Clear Imaging, LLC*
Dated:  June 17, 2014

**CLARK HILL PLC**
By:  /s/ Stuart M. Schwartz
Stuart M. Schwartz (P62752)
*Attorneys for Defendant Katherine H. Karo, D.O.*
Dated:  June 17, 2014

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I, _____, state the following:

1.  I have read and understand the attached Protective Order and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2.  I shall not use or disclose to others, except in accordance with the Protective Order, any "Confidential" documents or information. If I fail to abide by the terms of this Confidentiality Agreement or the Protective Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Confidentiality Agreement.

Date: _____   _____
                                                              Signature