UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

               Plaintiff,

v.

UNIVERSAL HEALTH GROUP, INC., a/k/a
MICHIGAN SPINE AND REHAB, UHG
MANAGEMENT, LLC, PROFESSIONAL
HEALTH SYSTEMS, LLC, a/k/a
PROFESSIONAL MEDICAL BILLING, LLC,
SCOTT P. ZACK, D.C., DAVID M. KATZ,
D.C., LOREN C. CHUDLER, D.O., JOSEPH
F. DESANTO, HORIZON IMAGING, LLC,
CLEAR IMAGING, LLC, JEFF S. PIERCE,
D.O., THOMAS D. CARUSO, D.O. and
KATHERINE H. KARO, D.O.,

               Defendants.

Case No. 14-10266
Hon. Judith E. Levy
Magistrate Judge David R. Grand

---

## NON-PARTY DEPONENT MES'S OBJECTIONS TO DEFENDANTS CLEAR IMAGING, LLC AND HORIZON IMAGING, LLC'S SUBPOENA DUCES TECUM

Pursuant to Fed. R. Civ. P. 45(d)(2), MES Group, Inc., a non-party to this litigation, submits its objections to the subpoena dated September 14, 2015 issued by Defendants Clear Imaging, LLC and Horizon Imaging, LLC.

## GENERAL OBJECTIONS

1.     MES objects to each request to the extent any request calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine.

2.     MES objects to each request to the extent any request goes beyond the scope of discovery permitted under the Federal Rules of Civil Procedure.

3.     MES objects to each request to the extent any request seeks to impose any duty or obligation beyond those authorized by the Federal Rules of Civil Procedure.

4.     MES objects to each request to the extent any request calls for disclosure of confidential medical, trade secret, personnel, and/or business information.

5.     MES objects to each request because the information sought is inadmissible, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.     MES objects to the definitions and instructions for the document requests as they are overly broad, unduly burdensome, and go beyond the obligations set forth in the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

From July 1, 2006 to the present, produce:

2

**Request No. 1:**   All Documents and Communications exchanged between You, on the one hand, and State Farm, on the other hand concerning any party to this lawsuit and/or concerning Michigan No-Fault Benefits.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as seeking information that constitutes confidential business information and private medical information of individuals.**

**Compliance with this subpoena unreasonably requires MES to conduct an unduly burdensome and detailed review of <u>all</u> communications, whether in hard copy or electronic form, with State Farm (which has been a client of MES for many years), for over a nine-year period.**

**Request No. 2:**   All Records of Payments, and Documents related to payments received from State Farm, or any other Automobile Insurance Company licensed to do business in the State of Michigan.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as seeking information that constitutes confidential business information and trade secrets.**

**Compliance with this subpoena unreasonably requires MES to disclose its confidential and trade-secret revenue information related not only to**

3

payments from State Farm, but to payments from all other automobile

insurance companies for over a nine-year period.

**Request No. 3**: All Records of Payments, and Documents related to products or services purchased or used by State Farm or any other Automobile Insurance Company licensed to do business in the State of Michigan.

**Response:  MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as seeking information that constitutes confidential business information and trade secrets.**

**Compliance with this subpoena unreasonably requires MES to disclose its confidential and trade-secret revenue information related not only to payments from State Farm, but to payments from all other automobile insurance companies for over a nine-year period; and it unreasonably requires MES to conduct an unduly burdensome and detailed review of all communications, whether in hard copy or electronic form, regarding the services it has provided to all automobile insurance companies for over a nine-year period.  Defendant essentially requests every single document, whether in hard copy or electronic form, that MES has ever received or sent to all automobile insurance companies for over a nine-year period.**

**Request No. 4**:  Any Documents or Communications, or records of such, related to any of the Defendants with any other Automobile Insurance Company licensed to

4

do business in the State of Michigan.

**Response:  MES incorporates its objections to Request No. 3 above.**

**Request No. 5:**  All Documents and Data provided to State Farm involving any of the Defendants, or claims of reimbursement for services performed pursuant to Michigan's No-Fault act that involve any of the Defendants including but not limited to all Communications related to those claims as well as complete medical records; consulting reports; diagnosis records; test results (including raw data, wave forms, reports, films, and interpretations); notes; bills; referrals for treatment, consultations, or testing; sign-in sheets; prescriptions; disability determinations; and orders for each patient.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as seeking information that constitutes confidential and private medical information of individuals.**

**Compliance with this subpoena unreasonably requires MES to conduct an unduly burdensome and detailed review of all communications, whether in hard copy or electronic form, with State Farm (which has been a client of MES for many years), for over a nine-year period.**

**Request No. 6:**  All Documents and Communications related to any protocols or procedures You followed in providing services or examinations to patients, including but not limited to any protocols or procedures for diagnosing patients, developing treatment plans for patients, conducting re-examinations or patients, considering and incorporating diagnostic test results in the patients' treatment, and discharging patients from treatment.

5

**Response**: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence. MES further objects to this request to the extent that it is seeking information that constitutes confidential and private medical information of individuals. MES also objects to the vague and unclear nature of this request, along with the lack of any reasonably tailored scope. Subject to and without waiving these objections, MES, which provides record-review and independent medical examination services, does not have any documents responsive to this request.

**Request No. 7:** All Documents used to create notes or other documentation of evaluations and tests including but not limited to any templates, blank forms, partially completed forms, and/or any electronic forms or databases.

**Response**: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence. MES further objects to this request to the extent that it is seeking information that constitutes confidential and private medical information of individuals. MES also objects to the vague and unclear nature of this request, along with the lack of any reasonably tailored scope.

Compliance with this request appears to unreasonably require MES to review and produce all documentation related to countless IMEs that its doctors have performed over a nine-year period.

**Request No. 8:**  All Documents and Communications exchanged between You and any insurance defense attorneys and/or attorney retained by Automobile Insurance Companies in the State of Michigan regarding services provided by You.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as seeking information that constitutes confidential and private medical information of individuals. MES also objects to the vague and untailored scope of this request.**

**Compliance with this subpoena unreasonably requires MES to conduct an unduly burdensome and detailed review of <u>all</u> of its files in which an insurance company may be involved for over a nine-year period.**

**Request No. 9:**  All Documents and Communications reflecting or relating to any contractual relationships, financial arrangements, or other business relationships, agreements, or associations You have with State Farm and/or other Automobile Insurance Company licensed to do business in the State of Michigan.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as seeking information that constitutes confidential business information and trade secrets. MES also objects to the vague and untailored scope of this request as to the terms "business relationships" and "associations."**

7

**Compliance with this subpoena unreasonably requires MES to disclose its confidential and trade-secret revenue, payment, client, and contractual information related not only to State Farm, but to all other automobile insurance companies for over a nine-year period.**

**Request No. 10:**  All Documents and Communications reflecting or relating to any contractual relationships, financial arrangements, or other business relationships, agreements, or associations You have with any insurance defense attorneys.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as seeking information that constitutes confidential business information and trade secrets. MES also objects to the vague and untailored scope of this request as to the terms "business relationships" and "associations."**

**Compliance with this subpoena unreasonably requires MES to disclose its confidential and trade-secret revenue, payment, client, and contractual information related not only to all insurance defense attorneys with which it may communicate on matters.**

**Request No. 11:**  All Documents reflecting or relating to any Communications with or payments to or from any attorney or medical provider related to any referrals to or from that attorney or medical provider.

8

**Response**: **MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence. MES further objects to this request as seeking information that constitutes confidential business information and trade secrets. MES also objects to the vague and unclear scope of this request as it is unsure as to what documents are being requested.**

**Request No. 12:** All Documents reflecting or relating to any payments received from State Farm or any other source for evaluations, chiropractic treatments, physical therapy treatments, MRIs and/or electrodiagnostic tests You performed on patients who are or were insured by State Farm or who asserted a bodily injury claim against State Farm or a State Farm insured.

**Response**: **MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence. MES further objects to this request as seeking information that constitutes confidential business information and trade secrets.**

**Compliance with this subpoena unreasonably requires MES to conduct an unduly burdensome and detailed review of <u>all</u> of its files in which State Farm may be involved for over a nine-year period.**

**Request No. 13:** All Documents and Communications reflecting or relating to any efforts to solicit insurance companies or have Automobile Insurance Companies employ your for services.

9

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as vague and untailored in its scope. MES also objects to this request as seeking information that constitutes confidential business information as to its marketing practices.**

**Request No. 14:**  All Documents reflecting or relating to any correspondence, application for licensure, disciplinary proceedings, disclosures, or other Communications  between You, any of your contracted physicians, or medical staff and any state or federal regulatory agency.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES further objects to this request as vague and untailored in its scope. MES also objects to this request as seeking information that constitutes confidential business, personnel, and medical information.**

**Compliance with this request requires MES to unreasonably review and produce every single correspondence with its doctors, staff, and government agencies, without limitations, for over a nine year period.**

**Request No. 15:**  All Documents relating to any training You have received or provided relating to any of the medical services You provided for Automobile Insurance Companies.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible**

evidence.  MES also objects to the vague and unclear nature of this request, along with the lack of any reasonably tailored scope.  MES further objects to this request to the extent that it seeks confidential business and personnel information.

**Request No. 16:**   All documents relating to ALL employees, contractors, subcontractors, temporary employees, or anyone else related to YOU that have handled, been employed, worked on, or in any other way have been connected to or touched a file related to a claim involving and individual insured by State Farm.

**Response:** MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence.  MES also objects to the vague and unclear nature of this request, along with the lack of any reasonably tailored scope.  MES further objects to this request to the extent that it seeks confidential business and personnel information.

**Request No. 17:**   All documents relating to ALL employees, contractors, subcontractors, temporary employees, or anyone else related to YOU that have handled, been employed, worked on, or in any other way have been connected to or touched a file related to contract with State Farm or any other Automobile Insurance Company licensed to do business in the State of Michigan.

**Response:**  MES incorporates its objections to Request No. 16 above.

**Request No. 18:**   All documents relating to ALL employees, contractors, subcontractors, temporary employees, or anyone else related to YOU that have handles, been employed, worked on, or in any other way have been connected to or touched a file related to a claim involving an individual who has been "treated" by

11

any of the Defendants.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence. MES also objects to the vague and unclear nature of this request, including, but not limited to the use of the terms "touched a file," along with the lack of any reasonably tailored scope. MES further objects to this request to the extent that it seeks confidential business and personnel information.**

**Compliance with this request also unreasonably requires MES to conduct an unduly burdensome review of every single file to determine whether any of the medical records it has received for an IME or record review reflect that defendants served as treaters for over a nine-year period.**

**Request No. 19:**  Provide all documents and records reflecting Your ownership, ownership structure, election of directors and/or managers, appointment of officers and/or managers and compensation for all owners, directors and officers from 2007 to present.

**Response: MES objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably tailored to lead to the discovery of admissible evidence. MES further objects to this request as seeking confidential business and personnel information.**

12

Respectfully submitted,
JACKSON LEWIS P.C.


/s/Katherine J. Van Dyke
Katherine J. Van Dyke (P62806)
2000 Town Center, Suite 1650
Southfield, MI  48075
Attorney for Non-Party MES
(248) 936-1900
katherine.vandyke@jacksonlewis.com

Dated:  October 14, 2015

4814-2812-4969, v. 1

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on October 14, 2015 by:

☐ Hand Delivery          ☐ U. S. Mail
X ECF                              ☐ FAX


Katherine. Van Dyke
KATHERINE VAN DYKE

---

13