UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v

UNIVERSAL HEALTH GROUP, INC., a/k/a
MICHIGAN SPINE AND REHAB, UHG
MANAGEMENT, LLC, PROFESSIONAL
HEALTH SYSTEMS, LLC, a/k/a
PROFESSIONAL MEDICAL BILLING, LLC,
SCOTT P. ZACK, D.C., DAVID M. KATZ,
D.C., LOREN C. CHUDLER, D.O., JOSEPH
F. DESANTO, HORIZON IMAGING, LLC,
CLEAR IMAGING, LLC, JEFF S. PIERCE,
D.O., THOMAS D. CARUSO, D.O. and
KATHERINE H. KARO, D.O.,

        Defendants.

Case No. 5:14-cv-10266
Hon. Judith E. Levy
Magistrate Judge David R. Grand

_____

### NATIONAL INSURANCE CRIM BUREAU'S OBJECTIONS TO DEFENDANTS CLEAR IMAGING, LLC AND HORIZON IMAGING, LLC'S NON-PARTY SUBPOENA DATED SEPTEMBER 14, 2015

Non-Party National Insurance Crime Bureau (hereinafter "NICB) objects to the production of documents sought in the Subpoena dated September 14, 2015, issued by Defendants Clear Imaging, LLC, and Horizon Imaging, LLC, and further states as follows:

### GENERAL OBJECTIONS

1.    NICB objects to each request as being irrelevant and not likely to lead to discoverable evidence permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The subject subpoena seeks production of documents, communications, records and payments from July 1, 2006, to the present.

1

    a. The term "documents" is defined in the Subpoena Rider to have the "broadest meaning possible" and includes "every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, or electronic means."

    b. "Communications" is then defined by the Subpoena Rider as "all discussions, conversations, meetings, conferences, telephone conversations, interview, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, test messages, electronic mail, voicemail, or other forms or written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any Communications."

2. NICB objects to each request as being overbroad and unduly burdensome. Compliance with the Subpoena would require a detailed review of all documents and communications created or received by NICB, a 380+ employee organization, over a nine-year period. First, this review would necessarily include actual physical inspection of thousands of documents created or received by NICB over the nine-year period to determine if it is responsive to the subpoena. Second, the review would require a search of all electronically stored information created by NICB since July 1, 2006, on all computers, cell phones, phone systems, physical storage and backup devices, and virtual storage of all electronically stored information.

3. NICB objects to each request to the extent the request calls for production of attorney-client protected communication and/or production of information protected as attorney work product.

4. NICB objects to each request to the extent the request seeks production of investigatory files related to medical providers including patient records, billing invoices, diagnoses of patients and treatment guidelines which are legally protected as confidential by the Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1301 *et. seq.*

5.      NICB objects to each request to the extent the request seeks production of or disclosure of confidential, medical, trade secret, personnel, and/or business information.

6.      NICB objects to each request to the extent the request seeks information protected by the law enforcement privilege. See *In re United States Dep't of Homeland Security*, 459 F.3d 565, 568-69 (5th Cir.2006), *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 483 (2d Cir. 1988); *Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 545-46 (D.C. Cir. 1977).

## **SPECIFIC OBJECTIONS**

**Request No. 1:**   All Documents and Communications exchanged between You, on the one hand and State Farm, on the other hand, related to any of the Defendants.

**Response:** NICB objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable information pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. NICB further objects to production of any documents protected by the attorney-client privilege or the attorney work product doctrine. The Subpoena also improperly seeks production of confidential business information, trade secrets or other information protected from disclosure by HIPAA. Finally, NICB objects to production of any documents or information protected by the law enforcement privilege. See above.

**Request No. 2:**  All documents and Communications exchanged between You, on the one hand, and State Farm, on the other hand relating to Automobile No-Fault coverage and/or legislation in Michigan.

3

**Response:** NICB objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable information pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. NICB further objects to production of any documents protected by the attorney-client privilege or the attorney work product doctrine. The Subpoena also improperly seeks production of confidential business information, trade secrets or other information protected from disclosure by HIPAA. Finally, NICB objects to production of any documents or information protected by the law enforcement privilege. See above.

**Request No. 3:** All Documents reflecting and contracts or other agreements between You and any insurance defense attorneys and/or attorneys retained by Automobile Insurance Companies in the State of Michigan.

**Response:** NICB objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable information pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. NICB further objects to production of any documents protected by the attorney-client privilege or the attorney work product doctrine. The Subpoena also improperly seeks production of confidential business information, trade secrets or other information protected from disclosure by HIPAA. Finally, NICB objects to production of any documents or information protected by the law enforcement privilege. See above

**Request No. 4:** All Records and Payments, and Documents related to payments received from State Farm, or any other Automobile Insurance Company licensed to do business in the State of Michigan.

**Response:** NICB objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable information pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. NICB further objects to production of any documents protected by the attorney-client privilege or the attorney work product doctrine. The Subpoena also improperly seeks production of confidential business information, trade secrets or other information protected from disclosure by HIPAA. Finally, NICB objects to production of any documents or information protected by the law enforcement privilege. See above.

**Request No. 5:** All records and Payments, and Documents related to payments received from any insurance Defense attorneys in the State of Michigan.

**Response:** NICB objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable information pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. NICB further objects to production of any documents protected by the attorney-client privilege or the attorney work product doctrine. The Subpoena also improperly seeks production of confidential business information, trade secrets or other information protected from disclosure by HIPAA. Finally, NICB objects to production of any documents or information protected by the law enforcement privilege. See above.

**Request No. 6:** Any Documents or Communications, or records of such, related to any of the Defendants with any other Automobile Insurance Company licensed to do business in the State of Michigan.

**Response:** NICB objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable information pursuant to the Federal

Rules of Civil Procedure or the Federal Rules of Evidence. NICB further objects to production of any documents protected by the attorney-client privilege or the attorney work product doctrine. The Subpoena also improperly seeks production of confidential business information, trade secrets or other information protected from disclosure by HIPAA. Finally, NICB objects to production of any documents or information protected by the law enforcement privilege. See above.

**Request No. 7:** Any Documents or Communications, or records of such, related to any of the Defendants with any individual, including, but not limited to: attorneys, legislators, research organizations, judiciary, physicians, or any other individual not listed.

        Respectfully submitted,

        BLAKE KIRCHNER SYMONDS
        LARSON KENNEDY & SMITH

        By:   /s/ Richard P. Smith
             Richard P. Smith (P36668)
        Attorneys for Non-Party
        National Insurance Crime Bureau
        535 Griswold, Suite 1400
        Detroit, MI 48226
        313-961-7321
        rps@blakekirchner.com

Dated: November 24, 2015

## CERTIFICATE OF SERVICE

     Cathy Meyers, says that she is an employee with the law firm of Blake, Kirchner, Symonds, Larson, Kennedy & Smith, that on November 24, 2015, she did serve a copy of National Insurance Crime Bureau's Objections to Defendants Clear Imaging, LLC and Horizon Imaging, LLC's Non-Party Subpoena Dated September 14, 2015 and Certificate of Service on all counsel of record by electronic service

          s/ Cathy Meyers
          Cathy Meyers