UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State Farm Mutual Automobile
Insurance Company,

                Plaintiff,

v.

Universal Health Group, Inc., *et al.*,

                Defendants.

Case No. 14-cv-10266

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS [157] TO MAGISTRATE JUDGE'S ORDER GRANTING MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENTS BETWEEN PLAINTIFF AND CLEAR IMAGING, LLC AND <u>HORIZON IMAGING, LLC [155]</u>**

This Court referred defendant Joseph F. DeSanto's September 16, 2016 motion to compel (Dkt. 141) to the Magistrate Judge. Defendant DeSanto's motion sought the production of settlement agreements executed between plaintiff State Farm Mutual Automobile Ins. Co. and former defendants Clear Imaging, LLC and Horizon Imaging, LLC, which were dismissed from the case on April 1, 2016, pursuant to a stipulated order among the settling parties. (Dkt. 134.) The Magistrate

Judge granted defendant DeSanto's motion to compel (Dkt. 155), and plaintiff filed the objections at issue here on November 11, 2016. (Dkt. 157.) For the reasons set forth below, plaintiff's objections are denied, and the Magistrate Judge's order stands.

I. **Background**

The Court has reviewed and adopts the background as described in the Magistrate Judge's opinion and order (Dkt. 155), in addition to what is written below.

Plaintiff reached a settlement with defendants Clear Imaging and Horizon Imaging on March 21, 2016, and a stipulated order dismissing the claims as to those defendants was entered on April 1, 2016. (Dkt. 157 at 5; *see* Dkt. 134.) On May 13, 2016, defendant DeSanto served plaintiff with a discovery request seeking "all settlement agreements, and related documents, entered into between [plaintiff] and any [d]efendant(s) in this matter." (Dkt. 157 at 5; *see* Dkt. 141.)

Plaintiff objected to the request and thus did not produce the documents, so defendant DeSanto filed a motion to compel, seeking the Clear Imaging and Horizon Imaging settlement agreements with

plaintiff.[1] (Dkt. 141.) Defendant DeSanto argued that the agreements are non-privileged and relevant, and thus discoverable, because they may bias the testimony of multiple key witnesses, and also because they will help defendant DeSanto calculate potential liability. (Dkt. 141 at 14-17.) The Magistrate Judge granted the motion to compel, finding that the settlement agreements are relevant to possible witness bias and to potential liability or damages, and declining to review them *in camera*. (Dkt. 155 at 4-10.)

Plaintiff filed objections, arguing that the Magistrate Judge's decision is clearly erroneous and contrary to law. (Dkt. 157.) According to plaintiff, the settlement agreements are irrelevant to the question of bias, because neither the witnesses whose testimony is at issue nor their counsel were at all involved in crafting or signing the agreements. (*Id.* at 10-13.) Plaintiff also argues that the agreements are only relevant to ongoing parallel state court litigation, in which the

---

[1] Pursuant to the Court's Practice Guidelines, the parties first requested a telephonic status conference on the issue, which was held on August 29, 2016. The Court heard argument on the issue and was unable to resolve the dispute. The Court did not, as plaintiff suggests, make any findings relevant to the outcome of the issue. (*See, e.g.*, Dkt. 157 at 14-15 ("In fact, this Court has already endorsed [inspecting the agreements *in camera*] during the initial teleconference regarding the present discovery dispute".).)

receivables from Clear Imaging and Horizon Imaging are at issue. (*Id.* at 13-14.)

Plaintiff also argues that the Magistrate Judge's decision not to conduct an *in camera* review of the settlement agreements is contrary to law. Plaintiff cites cases in which "a court exercised its discretion in conducting *in camera* inspections of discovery documents for relevance." (*Id.* at 14-15.)

## II. Standard

A magistrate judge's nondispositive order is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *see Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). A magistrate judge's decision is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### III. Analysis

The terms of a settlement agreement, even when marked confidential, are not protected from discovery by privilege. *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2014 U.S. Dist. LEXIS 184665, at *4-5 (E.D. Mich. Apr. 24, 2014) (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003)). The only constraint is whether, under Ruled 26 of the Federal Rules of Civil Procedure, the material "is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Physiomatrix, Inc.*, 2014 U.S. Dist. LEXIS 184665, at *2.

Plaintiff argues that the Magistrate Judge committed clear error by finding that the agreements are relevant, because the witnesses whose testimony is at issue and their counsel did not participate in drafting or signing the settlement agreements. (Dkt. 157 at 10-13.)

That the witnesses and counsel were not involved in drafting or signing the agreements does not necessarily mean they cannot be biased by the agreements' terms. The witnesses are direct or indirect owners of Clear Imaging and Horizon Imaging, so it is not "clearly

erroneous" to conclude that the terms of the settlements with those companies might influence the witnesses, even if the witnesses and their counsel were not involved in crafting the settlements. "[S]ettlement agreements frequently are found to be discoverable in order to allow the requesting party to explore these issues [of bias and credibility] with respect to witnesses." *Wagner v. Mastiffs*, No. 2:08-cv-431, 2013 U.S. Dist. LEXIS 68349, at *18 (S.D. Ohio May 14, 2013).

Evidence is "relevant" to a party's claim or defense if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See Bowman v. Skyview Apts.*, No. 3:07-0417, 2008 U.S. Dist. LEXIS 119580, at *2 (M.D. Tenn. Sep. 3, 2008) (citing Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 401). Even if it turns out not to be particularly probative, defendant DeSanto is entitled to see whether the agreements with Clear Imaging and Horizon Imaging might bias the direct and indirect owners, at least some of whom are likely to be witnesses in this case.

The Court finds that the Magistrate Judge did not commit clear error in finding that the settlement agreements may be relevant to

6

witness bias, and therefore does not need to address whether the agreements are relevant in the parallel state court litigation or whether they are relevant to damages.

Plaintiff also argues that the Magistrate Judge's decision not to conduct an *in camera* review of the settlement agreements is contrary to law. (Dkt. 155 at 14-15.) But plaintiff only argues that the Magistrate Judge "ignored the numerous cases cited by [plaintiff] where a court exercised its discretion in conducting *in camera* inspections of discovery documents for relevance." (*Id.* at 15.) The Magistrate Judge's decision not to exercise its discretion as other courts have done is not by default an abuse of discretion, *i.e.*, contrary to law. As set forth in the Magistrate Judge's order, the reviewing court might not glean "the practical and legal effects of the agreement" in the same manner as the lawyers. (Dkt. 155 at 8 (citing *Gardiner v. Kelowna Flightcraft, LTD*, No. 2:10-cv-947, 2011 U.S. Dist. LEXIS 55331, at *6 (S.D. Ohio May 23, 2011).) Without more, the Court denies plaintiff's objection.

## IV. Conclusion

For the reasons set forth above, plaintiff's objections to the order on the motion to compel (Dkt. 157) is DENIED.

7

The Magistrate Judge's order granting defendant DeSanto's motion to compel (Dkt. 155) is ADOPTED.

IT IS SO ORDERED.

Dated: November 18, 2016　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2016.

　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　Case Manager